```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| RONALD MAINHARDT, et al., | : | CIVIL ACTION NO. 06-3504 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| USR OPTONIX, INC., et al., | : | |
| Defendants. | : | |

**THE COURT** having ordered the plaintiffs to show cause why the complaint should not be dismissed for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 3); and the plaintiffs bringing this action (1) on July 31, 2006, (2) to recover damages for personal injuries, and (3) against the defendants, USR Optonix, Inc. ("USR"), and John Engelmaker; and the plaintiffs (1) alleging that they are Pennsylvania citizens, (2) asserting jurisdiction under Section 1332 (Compl., at 2), and (3) bearing the burden of demonstrating jurisdiction, see McCracken v. Murphy, 129 Fed.Appx. 701, 702 (3d Cir. 2005), see also Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and

**THE PLAINTIFFS** alleging — without more — that USR "is a corporate entity . . . maintain[ing] corporate offices at [a certain address in] New Jersey" (Compl., at 2); but it appearing that a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1); and the

plaintiffs failing to allege where USR is incorporated and has its principal place of business, see Gargiulo v. Dessauer, No. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004) (stating allegation "that a corporate defendant has 'a' principal place instead of 'its' principal place of business fails to properly plead diversity jurisdiction"), see also S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006) (stating same); and

    **THE PLAINTIFFS** also failing to allege Engelmaker's citizenship (see Compl., at 2 (stating, without more, Engelmaker is employee of USR)); and it appearing that allegations as to where Engelmaker has a place of business, resides, is domiciled, or is licensed — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship," Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and

    **THE COURT**, due to the plaintiffs' insufficient allegations, being unable to determine if the plaintiffs are "citizens of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo

Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and the Court advising the plaintiffs of the intention to dismiss the complaint for lack of jurisdiction under Section 1332 unless they (1) properly alleged the citizenship of USR and Engelmaker, respectively, as of July 31, 2006, with supporting documentation, and (2) demonstrated jurisdiction; and

    **THE COURT** advising the plaintiffs that a response that is upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than Pennsylvania"), or a request for time to discern jurisdiction, will result in the complaint's dismissal, see Lewis v. Consol. Freightways Corp., No. 04-6102, 2005 WL 503317, at *1 (E.D. Pa. Feb. 28, 2005) (stating citizenship allegation that is upon information and belief is insufficient), Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating upon-information-and-belief citizenship allegation "does not convince the Court that there is diversity among the parties"); and it appearing that when plaintiffs are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity," CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); but

    **THE PLAINTIFFS** being advised that a dismissal would be without prejudice to re-commence the action in state court, as the limitations period for the cause of action is tolled by the

filing of the federal complaint, see <u>Young v. Clantech, Inc.</u>, 863 F.2d 300, 301 (3d Cir. 1988), <u>Galligan v. Westfield Ctr. Serv.</u>, 82 N.J. 188, 191-95 (1980); and

**THE PLAINTIFFS** failing to respond to the order to show cause; and it appearing that the plaintiffs, without notifying the Court, brought a new action against the defendants in New Jersey Superior Court, Warren County, on August 25, 2006;[1] and the Court thus intending to grant the order to show cause and dismiss the complaint; and for good cause appearing, the Court will issue an appropriate order and judgment.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[1] The Court ascertained this from Westlaw's "Lawsuit Filings - New Jersey" library.